MIGUEL, PLAINTIFF AND APPELLANT, *v.* TREASURER OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in Injunction Proceedings.

No. 2133.—Decided July 15, 1920.

INJUNCTION—ACTION AGAINST THE PEOPLE.—The test for determining whether an action against a public official is an action against The People is not the

official position of the defendant, but the nature of the suit or of the relief sought.

ID.—ID.—CONSENT OF PEOPLE TO BE SUED.—A petition to enjoin the Treasurer of Porto Rico from paying the purchase price of certain land purchased by the Commissioner of Sanitation of Porto Rico for the erection of a tuberculosis hospital is really an action against The People of Porto Rico and cannot be maintained without its previous consent.

ID.—ID.—PARTIES.—In such an injunction proceeding not only The People of Porto Rico, the purchaser of the land, is an interested party, but also the vendor, for he will be affected by the judgment.

The facts are stated in the opinion.

Messrs. M. Guerra, D. F. Kelley and I. Soldevilla for the appellant.

The Attorney General and R. Rivera Zayas for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from an order of the District Court of San Juan, Section 1, denying a petition for an injunction presented by Camilo Miguel to enjoin the Treasurer of Porto Rico from paying to Harry S. Hubbard, Emilia Chabert or Jesse Hubbard the sum of $10,000 as the purchase price of a certain rural property to be used as a site for a tuberculosis hospital.

The respondent, the Treasurer of Porto Rico, entered a special appearance in the said court in order to plead to its jurisdiction on the ground that the action is in fact one against The People of Porto Rico, who had not consented to be sued. He also demurred on that same ground and on the grounds of lack of capacity in the petitioner, non-joinder of parties respondent and that the petition did not allege facts sufficient to constitute a cause of action.

By an order of October 9, 1919, the court denied the petition for an injunction and vacated the restraining order directed to the Treasurer of Porto Rico on the 6th of September, stating in its opinion that it had reached the following conclusion:

"The court has no jurisdiction of this case, it being substantially and logically an action against The People of Porto Rico, that is, an action 'against the sovereign' and in which The People of Porto Rico has not consented to be sued   \*  \*  \*. This ground of demurrer being sustained, it would be superfluous to rule on the others pleaded. The court may say, however, that there is a lack of parties respondent, for not only The People of Porto Rico, but also the vendors of the property, should have been made respondents; and there are omitted from the petition certain material allegations as to the extravagance, illegality or irregularity of the contract or of the payment."

There is no doubt that The People of Porto Rico can not be sued without its consent, for it was held in the case of *People of Porto Rico* v. *Rosaly y Castillo,* 227 U. S. 270, that—

"It is not open to controversy that aside from the existence of some exception the government which the Organic Act established in Porto Rico is of such nature as to come within the general rule exempting a government sovereign in its attributes from being sued without its consent."

The material fact in determining whether the suit against its officer is one against the state depends not upon the character of the defendant's office, but upon the nature of the suit or of the relief demanded. 44 L. R. A. (N. S.) 191, note.

In order to determine the nature of this suit and of the relief prayed for, let us examine the allegations of the petition.

The petitioner alleged that in the month of January or February, 1918, the Commissioner of Health of Porto Rico, Alejandro Ruiz Soler, entered into a supposititious contract of purchase and sale with Harry S. Hubbard and his wife, Emilia Chabert, whereby the said Commissioner of Health agreed to purchase a certain parcel of land of 35 acres, more or less, at kilometer 3 on the road from Río Piedras to Carolina, for the purpose of erecting thereon a tuberculosis hos-

pital or sanatorium; that after the date of the contract the Commissioner of Health received as a gift from Pedro Arsuaga a property of 100 acres of land for the said purpose and the Department of Health of Porto Rico has erected thereon an important sanatorium for tuberculosis patients which is sufficient to meet all the needs of the Island; that the Department of Health has stated, in letters signed by Commissioner Ruiz Soler, that for that reason the property of 35 acres is not necessary for the said purpose; that the price to be paid for the property of 35 acres was $10,000, which is very excessive and much more than its actual cash value, for both on the date of the supposititious contract of purchase and sale and at present the property was and is not worth more than $5,000; that notwithstanding the fact that the Department of Health does not now need the property of 35 acres, the respondent, the Treasurer of Porto Rico, is about to issue a check for the sum of $10,000 to pay for the said property; that no lawful appropriation has been previously made for such expenditure, because the appropriations made for the purpose of purchasing land for the erection of a tuberculosis hospital are unconstitutional, and, even if not, the appropriations have been almost totally exhausted; that there being no law making the corresponding appropriation for such expenditure, the Commissioner of Health has made unlawfully one or several transfers of funds in his budget of expenses for the sum of about $9,000 in open violation of the general laws of the Island; that besides being unnecessary for the Department of Health, or for any other executive department of Porto Rico, the purchase of the property of 35 acres would be and is irregular, extravagant, excessive and prejudicial to the rights of the petitioner as a tax-payer.

These allegations, which we must accept as true so far as the facts are concerned, but not as to the conclusions of law, show that the Commissioner of Health of Porto Rico

entered into a contract for the purchase of land as a site for a tuberculosis sanatorium for a sum in excess of its actual cash value, and that the purchase of the land had become unnecessary for the said purpose because of the gift of other land whereon the said sanatorium has been erected. Nothing was set up tending to show that the said contract was supposititious, nor was it alleged that the Commissioner of Health was not authorized to select and purchase a suitable site for The People of Porto Rico. Indeed, such an allegation would have been without merit considering section 19 of the Act of March 2, 1917, to provide a civil government for Porto Rico, known as the Jones Act, and Acts Nos. 71 and 89 of the 6th and 7th of December, 1917, respectively.

Section 19 of the Jones Act provides that "the commissioner of health shall have general charge of all matters relating to public health, sanitation, and charities, except such as relate to the conduct of maritime·quarantine, and shall perform such other duties as may be prescribed by law." Act No. 71 appropriated $20,000 and Act No. 89 $40,000 for the "care of tuberculosis patients, including purchase and repair of equipment, construction and repair of buildings, and insurance on equipment and on buildings owned by The People of Porto Rico and used as a sanatorium, including also the purchase of the necessary land, payment of salaries of personnel and expenses of transportation of patients and other expenses."

Therefore, the contract referred to was entered into by Ruiz Soler in his official capacity as Commissioner of Health of Porto Rico with Harry S. Hubbard and his wife, Emilia Chabert, Ruiz Soler having no personal interest in the contract, but acting only in the interest of The People of Porto Rico.

The purpose of this petition for an injunction is to prevent one of the contracting parties, The People of Porto

Rico, from paying for the land, although it is directed against the Treasurer of Porto Rico, for in making the payment the Treasurer would not be acting as a party to the contract, in which he has no personal interest, but by virtue of the powers conferred upon him by section 15 of the Jones Act, among which is the authority to collect and be the custodian of public funds and to disburse the same in accordance with law, on warrants signed by the auditor and countersigned by the Governor. There is no indication that a warrant signed by the auditor has been issued to the Treasurer of Porto Rico for the payment of the $10,000. The respondent categorically denies that such is the case.

The proceeding is actually and really against the sovereign, The People of Porto Rico, for the granting of the writ of injunction would ultimately affect The People of Porto Rico by preventing the performance of the contract entered into by it with Harry S. Hubbard and Emilia Chabert. This same contract has already been discussed in a different aspect in the United States District Court for Porto Rico and disposed of by the Circuit Court of Appeals for the First Circuit in the case of *Soler, Commissioner of Health,* v. *Scoville et al.,* 253 Fed. Rep. 932, in which the Circuit Court said:

"It is not alleged in the bill that the defendant, in deciding upon the location, acted in bad faith and beyond the scope of the authority conferred upon him, and, in the absence of such an allegation, it is to be presumed that he acted in good faith and within the scope of his authority. In view of this situation, and the fact that the bill is prosecuted against Soler in his official capacity as commissioner of health, the question arises whether the action is not one in reality against the sovereign, The People of Porto Rico. As to this we entertain no doubt. The action is brought to enjoin the consummation of a contract in which the defendant individually has no interest, and in which The People of Porto Rico are alone interested. It is, in reality, an action against the sovereign. (*In re Ayers,* 123 U. S. 443, 503, 8 Sup. Ct. 164, 31 L. Ed. 216; *Minnesota*

v. *Hitchcock*, 185 U. S. 373, 22 Sup. Ct. 650, 46 L. Ed. 954; *Murray* v. *Wilson Dislilling Company*, 213 U. S. 151, 29 Sup. Ct. 458, 53 L. Ed. 742; *Wells* v. *Roper*, 246 U. S. 335, 38 Sup. Ct. 317, 62 L. Ed. 755), and, if it has not consented to be sued, the action can not be maintained.''

That doctrine is applicable to the case now before us, because here also the Treasurer of Porto Rico has no individual interest in it, but only the Government of Porto Rico is really interested.

It is true that section 2 of the Jones Act, cited by the appellant, provides ''that no money shall be paid out of the Treasury except in pursuance of an appropriation by law, and on warrant drawn by the proper officer in pursuance thereof.'' But in this case there was an appropriation made by law and, as we have said before, there was no allegation that the treasurer intended to pay the $10,000 without a warrant drawn by the auditor. As regards the allegation in the petition that the Commissioner of Health of Porto Rico unlawfully made one or several transfers of funds in his budget of expenses for the sum of about $9,000 in open violation of the general laws of the Island, that allegation sets up no fact tending to establish the alleged unlawfulness of that act and such a transfer could have been authorized by the Governor in the exercise of the authority conferred upon him by Act No. 54 of April 12, 1917, and Act No. 89 of December 7, 1917, both of which provide that ''whenever in the opinion of the Governor the needs of the service require it, he may authorize the transfer of funds appropriated in the budget of any one department of the Insular Government to other appropriations of the same department and may also authorize the transfer of appropriations from one heading to another.'' Moreover, according to the allegations of the petition, the purpose of the injunction is to enjoin absolutely the payment of the price of the land in

question to the vendors and not to prevent its being paid for out of special funds. That is the theory of the petition.

The appellant cites in support of the appeal the cases of *Ex Parte Young*, 209 U. S. 123, and *Greene* v. *Louisville & Interurban Railroad Company*, 244 U. S. 499, but those cases are not applicable to the case at bar in which it is sought to enjoin the performance of a contract which is alleged to be supposititious without any showing to justify that conclusion.

Finally, although the proceeding is directed against the Treasurer of Porto Rico, its effects extend to The People of Porto Rico and to Harry S. Hubbard, the interested parties, whose rights can not be invaded without giving them their day in court. We abstain from considering the plea of lack of capacity in the petitioner to bring this proceeding because we believe it to be unnecessary.

The order appealed from is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.